UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
U.S. BANK TRUST NATIONAL
ASSOCIATION, *not in its individual capacity
but solely as owner Trustee for RFC 2
Acquisition Trust*,

              Plaintiff,

  -against-

STEVEN MCDONNELL A/K/A STEVE
MCDONNELL A/K/A STEPHEN
MCDONNELL; PUBLIC ADMINISTRATOR
OF NASSAU COUNTY AS LIMITED
ADMINISTRATOR OF THE ESTATE OF
GEORGE ANDREW FOX A/K/A GEORGE
FOX, DECEASED; KAREN MCDONNELL
INDIVIDUALLY AND AS HEIR AND
DISTRIBUTEE OF THE ESTATE OF GEORGE
ANDREW FOX; PATRICIA VIVIRITO AS
HEIR AND DISTRIBUTEE OF THE ESTATE
OF GEORGE ANDREW FOX; DEBRA FOX
AS HEIR AND DISTRIBUTEE OF THE
ESTATE OF GEORGE W. FOX AND AS HEIR
AND DISTRIBUTEE OF THE ESTATE OF
GEORGE ANDREW FOX; CHRISTINA FOX
LORD AS HEIR AND DISTRIBUTEE OF THE
ESTATE OF GEORGE W. FOX AND AS HEIR
AND DISTRIBUTEE OF THE ESTATE OF
GEORGE ANDREW FOX; MICHAEL FOX AS
HEIR AND DISTRIBUTEE OF THE ESTATE
OF GEORGE W. FOX AND AS HEIR AND
DISTRIBUTEE OF THE ESTATE OF GEORGE
ANDREW FOX; and CACH LLC,

              Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
18-cv-476 (CBA) (SJB)

**AMON, United States District Judge:**

      U.S. Bank Trust National Association ("U.S. Bank" or "Plaintiff") brings this action to foreclose upon 40 Satterie Avenue, Valley Stream, New York 11580 (the "Property").[1] (ECF

---

[1] U.S. Bank was recently substituted as plaintiff in place of the prior plaintiff, CIT Bank. (See Text Order dated Feb. 2, 2023.)

Docket Entry ("D.E.") # 21 ("Am. Compl.") ¶ 1.) On March 14, 2022, Plaintiff filed a combined motion for summary judgment and default judgment. (D.E. # 74 ("Motion").) I referred the Motion to the Honorable Sanket J. Bulsara, United States Magistrate Judge, for report and recommendation. (Text Order dated Aug. 22, 2022.) The factual and procedural background of the case—as well as details concerning the prior and current parties (some of whom are deceased), and their respective relationships to the Property and to one another—are all detailed accurately and at length in the report and recommendation. (D.E. # 86 ("R&R") at 2-7.) Familiarity with those facts is herein assumed.

Two Defendants, Steven McDonnell and Karen McDonnell, opposed Plaintiff's Motion. (D.E. # 76.) Steven McDonnell initially appeared pro se, but has been represented by counsel David L. Singer since 2021. (See D.E. # 71.) The Clerk of Court previously entered a default against Karen McDonnell, (D.E. # 59), but following the entry of default, Mr. Singer filed an appearance on her behalf as well as her opposition to the present Motion, (see D.E. ## 71, 76). Also named as Defendants in the Amended Complaint are the Public Administrator of Nassau County, the heirs to the Estates of George Andrew Fox and George W. Fox—Patricia Vivirito, Debra Fox, Michael Fox, and Christina Fox Lord—and a potential judgment creditor, Cach LLC (together, the "Non-Appearing Defendants"). (See Am. Compl. at 1.) All of the Non-Appearing Defendants have failed to appear, and default was entered against each of them on May 7, 2021. (D.E. # 59.)

On February 2, 2023, Magistrate Judge Bulsara issued a thorough and well-reasoned R&R recommending that the motion for summary judgment be denied and the motion for default judgment be granted in part. (R&R.) First, Magistrate Judge Bulsara recommended that the Clerk of Court vacate the default previously entered against Karen McDonnell due to the availability of

a meritorious defense and the lack of any apparent prejudice or delay. (Id. at 5-6.) Magistrate Judge Bulsara then recommended denial of Plaintiff's motion for summary judgment on the ground that Plaintiff had failed to establish compliance with Section 1304 of the New York Real Property Actions and Proceedings Law ("RPAPL"). (Id. at 10-20.) As to the motion for default judgment, Magistrate Judge Bulsara recommended that default judgment be granted in favor of Plaintiff against all of the Non-Appearing Defendants except for Cach LLC, on the ground that the affidavit of service for Cach LLC had not established proper service. (Id. at 22-25.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I have reviewed the record, and finding no clear error, I adopt the R&R in its entirety.

I also specifically adopt Magistrate Judge Bulsara's proposal for how the case should proceed, as detailed in footnote 8 on page 25 of the R&R. Having denied summary judgment, I hereby refer the action back to Magistrate Judge Bulsara "to hold an evidentiary hearing on the limited issue of compliance with RPAPL § 1304." (R&R at 25 n.8.) Alternatively, "if [U.S. Bank] believes it cannot, at an evidentiary hearing, establish such compliance, it may dismiss the current case against the McDonnells and initiate a new foreclosure action after first providing proper notice to them." (Id.) "It may also attempt to obtain default judgment against Cach LLC through a renewed attempt at service." (Id.)

In conclusion, for the reasons discussed herein and discussed in detail in the R&R, the Clerk of Court is directed to vacate the default previously entered against Defendant Karen McDonnell; Plaintiff's motion for summary judgment is denied; Plaintiff's motion for default judgment as against Cach LLC is denied; and Plaintiff's motion for default judgment as against the Public Administrator of Nassau County, Patricia Vivirito, Debra Fox, Michael Fox, and Christina Fox Lord is granted, and those parties' respective interests in the Property are extinguished. The matter is referred to Magistrate Judge Bulsara to hold an evidentiary hearing on the issue of compliance with RPAPL § 1304.

SO ORDERED.

Dated: March 2, 2023
    Brooklyn, New York

                                             _____
                                             Carol Bagley Amon
                                             United States District Judge